## IN RE FARMERS INSURANCE COMPANY WIND/HAIL STORM LITIGATION

### NO. 14–0882

Texas Judicial Panel on Multidistrict Litigation.

OPINION DELIVERED: June 24, 2015

### OPINION ON REHEARING

PRESIDING JUDGE PEEPLES delivered the opinion of the MDL Panel:

On April 7 the MDL Panel granted Farmers' motion for transfer. The order established three pretrial courts and delineated their authority: the pretrial judges will decide common issues as a panel; they will decide case-specific issues as individual courts. Four motions for rehearing have been filed.

Three motions ask that we reconsider whether the discovery in certain cases is case-specific discovery or common discovery that reaches beyond the facts of the individual case. Farmers says that the Daly & Black law firm's cases should not have been excluded from our transfer order. The Mendez Law Firm and the Pennebaker Law Firm say their cases should have been excluded from transfer. All three firms point out that they have not accused Farmers of "business practices" misconduct. Farmers replies that the three firms seek discovery of information beyond the individual cases (information, for example, about claims on neighboring properties and claims from past years). The record has been supplemented with copies of specimen pleadings and discovery requests.

Our opinions focus on the discovery sought and not just on the claims pleaded because it is pretrial discovery that justifies a pretrial court by implicating the MDL goals of convenience, efficiency, and just handling. Though the three law firms' discovery requests are not as extensive and wide-ranging as the discovery requested by other firms, some of their discovery goes beyond the facts of the individual cases and falls within the principles discussed in the opinion. Farmers' motion for rehearing concerning the Daly & Black cases is granted; the motions of the Mendez and Pennebaker firms are respectfully denied.

In the fourth motion for rehearing, the Mostyn Law Firm objects to creation of a pretrial court in Harris County. The motion urges two grounds. First, it challenges our decision that cases from lesser storms are legally related to the eight major storms identified in footnote two of the opinion. This basis for rehearing presents nothing new of substance and is respectfully rejected for the reasons expressed in section II of the opinion. Second, the motion challenges the decision to assign cases arising from lesser storms to the Harris County pretrial court if the plaintiff's law firm has an office in Harris County. The motion argues that it will be inconvenient and unfair for cases pending outside Harris County to be heard by a pretrial court in Harris County, even though the cases were filed by lawyers with offices in Harris County. (The Mostyn firm's letterhead and its filings with this panel list only its office address in the city of Houston, the county seat of Harris County.) We are not persuaded by the argument that having pretrial hearings in the county where the law firm practices law "unjustifiably hinders the Mostyn Law Firm's ability to represent its clients." For the reasons stated in section III of the opinion, these arguments about inconvenience and venue are respectfully rejected. The fourth motion for rehearing is denied.

Chief Justice McClure and Justices Lang–Miers, Brown, and Puryear concur.